UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                               CASE NO. 09-11884

JOSEPH L. BAER                                                              SECTION "B"

DEBTOR                                                                            CHAPTER 13

## ORDER AND REASONS

Considering the debtor's second motion for reconsideration and request to reinstate the automatic stay as to creditor Sylvia Cabiran, with incorporated request for injunction and expedited hearing (P-59), filed on October 8, 2009,

IT IS ORDERED that the debtor's motion is DENIED.

The debtor filed his Chapter 13 petition on June 24, 2009. He then failed to file either his schedules or a Chapter 13 plan timely, resulting in the Chapter 13 Trustee bringing a motion to dismiss the case on July 14, 2009. The debtor then belatedly filed a motion to extend time to file schedules and a motion to continue the hearing on the motion to dismiss, both of which were granted. The debtor did not file his schedules until September 8, 2009, which was after the time given in the order granting the motion to extend time to file schedules had expired. On that same date, the debtor also filed a Chapter 13 plan, which is not scheduled for a confirmation hearing until December 2, 2009.

Meanwhile, on August 4, 2009, the debtor's ex-wife and creditor, Cabiran, filed a motion for relief from stay in order to pursue litigation in state court related to a domestic

1

support obligation stemming from a prenuptial agreement between her and the debtor. Cabiran also filed a motion for an expedited hearing on her motion, which was granted. The debtor filed an opposition and a motion to continue the hearing on the motion to lift stay. The debtor's motion to continue was denied, and an expedited hearing was held on August 7, 2009. On August 7, 2009 the court issued an order holding that under 11 U.S.C. § 362(b)(2)(A)(ii), the automatic stay did not apply because the action pertained to a domestic support matter pending in state court. The court also held that in the event that the state court action did not fall under § 362(b)(2)(A)(ii), the stay was lifted for cause to allow Cabiran to pursue her action in state court. The debtor timely filed a motion for reconsideration and set it for hearing on September 16, 2009. Cabiran then filed an objection and a motion to expedite the motion for reconsideration to ask that it be heard before an upcoming hearing in state court. The court denied the motion to expedite on the grounds that the order of August 7, 2009 clearly allowed the state court to go forward with its scheduled hearing. Then, the day before the debtor's motion to reconsider was scheduled to be heard, the debtor filed a motion to continue on the grounds that the debtor's attorney's grandmother was hospitalized and in very grave condition. The motion to continue was granted. The motion for reconsideration was finally heard on September 28, 2009 and was denied. The debtor has now filed a second motion for reconsideration.

The Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure do not provide for a "Motion for Reconsideration." Such motions

may properly be treated as either a motion to alter or amend judgment under FRCP 59(e) or a motion for relief from judgment or order under FRCP 60(b),[1] which are incorporated by FRBP 9023 or 9024, respectively.

For a Rule 59(e) motion to be successful, the movant must demonstrate: "(1) that the judgment is based upon a manifest error of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) that reconsideration is necessary to prevent manifest injustice; or (4) that serious misconduct of counsel justifies relief."[2]

For a Rule 60(b) motion to be successful, the movant must:

> [D]emonstrate[] that the evidence in support of their motion to reconsider was not presented in their original motion . . . due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgement [being] void; (5) the judgment [having] been satisfied, released or discharged; or (6) any other reason justifying relief from the operation of the judgment.[3]

Regardless of whether the court treats the debtor's motion as a Rule 9023 motion or a Rule 9024 motion, the debtor has not provided this court with any justification for reconsidering the order. The only new piece of information provided by the debtor is that the state court has now held him in contempt and issued an attachment for the debtor's arrest. The debtor does not provide the court with a copy of the state court order. Nor

---

[1] *Kelley v. Price-Macemon, Inc.,* 992 F.2d 1408, 1412 n.6 (5th Cir. 1993); *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 347 (5th Cir. 1991).

[2] *Liljeberg Enterprises, Inc. v. Emmett, Cobb, Waits, and Kessenich (In re Liljeberg Enterprises, Inc.),* 1997 WL 222497 at *2 (E.D.La. May 1, 1997).

[3] *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 347 (5th Cir. 1991)(quotation marks omitted).

does the debtor contend that he has been arrested.  The debtor states that he is not even in the jurisdiction of the state court that issued the contempt order, thus, he does not currently risk arrest.  At the hearing on the first motion for reconsideration the court remarked that if the debtor were imprisoned as a result of the state court's ruling the court might be inclined to impose a stay.  The debtor is not actually imprisoned, however, and the court is not inclined to interfere with state court proceedings based on a contempt order, that the court has not actually seen, which only threatens imprisonment.  Thus, the court finds no new circumstances that warrant its interference with the state court proceedings against the debtor.  The court also cautions the debtor that its remark that it *might* consider imposing a stay if the debtor is imprisoned should be taken literally.  The court is not holding that it will take any action in this domestic matter.

The debtor's motion raises again an argument that was raised in the first and second hearings on this motion, namely that the debtor filed his Chapter 13 petition to pay this debt over time through a plan and that this debt does not qualify as a domestic support obligation because it stems from a prenuptial contract between the debtor and Cabiran and not from a child support judgment.  The court again calls the debtor's attention to a new provision in the Bankruptcy Code that supports this court's refusal to interfere with the state court in this domestic relations matter.  Section 101(14A) defines "domestic support obligation" as recently amended by Congress:

> The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable

4

>   nonbankruptcy law notwithstanding any other provision of this title, that is–
>   (A) owed to or recoverable by–
>       (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>       (ii) a governmental unit;
>   (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>   (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>       (i) a separation agreement, divorce decree, or property settlement agreement;
>       (ii) an order of a court of record; or
>       (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>   (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

The court interprets this amendment to the Bankruptcy Code, which was made in 2005 as part of the BAPCPA legislation, to cast a wide net over what is considered a domestic support obligation exempting it from the automatic stay. It is no longer only debt stemming from alimony or child support that are subject to special treatment under the Bankruptcy Code. The debtor has not made any persuasive argument to the court in any of his two motions, objections, or other filings that would persuade the court to hold that the debt is not a domestic support obligation. The court notes that the debtor has filed an adversary complaint seeking to have the debt declared dischargeable. At the time the adversary is adjudicated, the court will make a judgment based on the evidence presented to it as to whether the debt is dischargeable. That does not excuse the debtor from having

5

to present some sort of evidence for the purposes of allowing the court to make a determination on the motion currently before it.  Finding that the debtor has given the court nothing other than the assertions of the debtor that this is not a domestic support obligation to counter the assertions of Cabiran that this is a domestic support obligation, the debtor cannot prevail.  Finding that the debtor has not met any of the criteria required by Rule 9023 or 9024, the court holds that the debtor's motion for reconsideration is denied.

Finding that the motion raises nothing new, the court sees no need to hold a hearing on this motion.  Accordingly, the debtor's motion for an expedited hearing is also denied. Finally, the debtor did not address that portion of his motion seeking an injunction any where in his written argument, thus, that motion is also denied.

New Orleans, Louisiana, October 13, 2009.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge